IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| AARON CULBERTSON, | : | Case No. 22-cv-00204 |
| --- | --- | --- |
| Petitioner, | : | Judge |
| v. | : | Magistrate |
| DIRECTOR, OHIO DEPARTMENT OF REHABILITATION & CORRECTIONS | : | |
| Respondent. | : | |

**PETITIONER'S MOTION TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE PENDING EXHAUSTION IN STATE COURT**

Petitioner Aaron Culbertson respectfully requests that this Court hold his Petition for Writ of Habeas Corpus in abeyance pending exhaustion of his claims in state court.

Mr. Culbertson's Petition includes unexhausted claims. He has raised these federal constitutional claims in state postconviction proceedings, and those claims are currently pending before the Ohio Supreme Court. Until the Ohio Supreme Court resolves the pending appeal, however, Mr. Culbertson cannot know whether his state postconviction petition will be considered "properly filed" pursuant to 28 U.S.C. 2244(d)(2). Therefore, consistent with guidance from the United States Supreme Court and the Sixth Circuit Court of Appeals, Mr. Culbertson has presented his unexhausted claims to this Court in a "protective petition." *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). He now requests the Court stay further proceedings on his Petition, pending the final resolution of his state court proceedings.

1

### A. Facts and Procedural Background

Mr. Culbertson was seventeen years old when he was convicted of a single count of aggravated robbery in Stark County, Ohio on November 15, 2018. He filed a timely appeal to the Fifth District Ohio Court of Appeals, which upheld the conviction. He subsequently appealed to the Ohio Supreme Court, which declined to accept jurisdiction over his appeal on September 1, 2020. Mr. Culbertson filed a timely motion for reconsideration, which the Ohio Supreme Court denied on November 10, 2020. His time to file a petition for writ of certiorari to the United States Supreme Court expired ninety days later, on February 9, 2021. Sup.Ct. Rule 13; Sup.Ct. Rule 30.

Meanwhile, on September 21, 2020, Mr. Culbertson filed a state petition for postconviction relief in the Stark County Ohio Court of Common Pleas. This petition included all federal constitutional claims that are now the subject of his federal petition for writ of habeas corpus. On February 2, 2021, the Stark County Court of Common Pleas dismissed Mr. Culbertson's state petition on procedural grounds, and Mr. Culbertson appealed to the Fifth District Ohio Court of Appeals.

The primary issue on appeal was the timeliness of Mr. Culbertson's state postconviction petition. Under Ohio Revised Code Section 2953.21(A)(2), a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" Both parties conceded that the timeliness of Mr. Culbertson's petition depended on what should be included as part of the "trial transcript." Mr. Culbertson maintained that the transcript was not complete until the exhibits from his bindover proceedings were submitted to the appellate court, on May 1,

2019. The State argued that the transcript was complete upon filing of the trial transcript on March 18, 2019.

On December 21, 2021, the Fifth District Ohio Court of Appeals affirmed the dismissal of Mr. Culbertson's petition, finding that the state postconviction deadline began to run on March 18, 2019, and therefore that the petition had been untimely filed. *State v. Culbertson*, 2021-Ohio-4415, 2021 WL 5919066. On January 31, 2022, Mr. Culbertson filed a timely notice of appeal to the Ohio Supreme Court, where the matter remains pending. *State v. Culbertson*, Ohio Sup. Ct. No. 2022-0109. Ultimately, the timeliness of Mr. Culbertson's postconviction petition will ultimately rest on the outcome of the pending appeal to the Ohio Supreme Court.

**B.     Argument**

Federal courts have clear discretion to hold federal habeas petitions in abeyance pending exhaustion. *Rhines v. Weber*, 544 U.S. 269 (2005). Courts should exercise that discretion and "stay and abey" habeas petitions if the petitioner is diligent in pursuing state court exhaustion, can explain the grounds for his previous failure to exhaust, and raises potentially meritorious issues in need of exhaustion. *Id.* at 275. Specifically, the Supreme Court has held:

> It likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.

*Id.* at 278.

The Supreme Court has also recognized that petitioners may not be able to determine, in advance, whether state postconviction proceedings will toll the statute of limitations pursuant to 28 U.S.C. 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669

3

(2005). In those circumstances, the Court specifically advised prisoners to "avoid this predicament *** by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id*. at 416, citing *Rhines*. The Court confirmed that a petitioner's "reasonable confusion" about whether a state filing would be considered timely "will ordinarily constitute 'good cause' [under the *Rhines* test] to file in federal court." *Id*. at 416-17. *See also*, *Doe v. Jones*, 762 F.3d 1174, 1179–80 (10th Cir.2014); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir.2016); *Heleva v. Brooks*, 581 F.3d 187, 191–92 (3d Cir.2009).

Mr. Culbertson is in the exact situation contemplated by the Supreme Court in *Pace*. His claims are not "plainly without merit," as thoroughly explained and supported in Appendix A to his Petition for Writ of Habeas Corpus. Furthermore, based on the current procedural posture of the state postconviction proceedings, Mr. Culbertson cannot reliably calculate when his federal petition will be due. The timeliness of Mr. Culbertson's state postconviction filing is directly at issue in the pending proceedings before the Ohio Supreme Court. Those proceedings will ultimately settle whether his state postconviction petition was "properly filed," and therefore whether he will receive the benefit of statutory tolling pursuant to Section 2244(d)(2).

If the Ohio Supreme Court accepts Mr. Culbertson's appeal and reverses the Fifth District, then Mr. Culbertson's federal constitutional claims can be heard and decided on their merits in state court. Until, however, Mr. Culbertson cannot know whether statutory tolling will apply to his case. The underlying judgment in this matter became final on February 9, 2021. If the Ohio Supreme Court either refuses to accept jurisdiction over the appeal or decides that Mr. Culbertson's state postconviction filing was untimely, then his deadline for filing a federal petition would be February 10, 2022. 28 U.S.C. 2244(d)(1)(A).

Mr. Culbertson has sought to exhaust his claims in state court, but because of an open issue under Ohio law, [1] he cannot know in advance whether he will have the benefit of statutory tolling pursuant to 28 U.S.C. 2244(d)(2). Therefore, following the recommendation of the United States Supreme Court, he has filed a "protective petition," and he now requests the Court stay further proceedings on his unexhausted claims pending resolution of his appeal to the Ohio Supreme Court.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court stay the current proceedings pending exhaustion in the Ohio courts.

Respectfully submitted,

/s/ Brian Howe
Brian C. Howe (0086517)
Attorney for Petitioner Aaron Culbertson
THE OHIO INNOCENCE PROJECT
University of Cincinnati College of Law
P.O. Box 210040
Cincinnati, OH 45221-0040
(513) 556-0752
brian.howe@uc.edu

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing pleading was filed electronically, and that a copy is available to opposing counsel via the Court's electronic notification system.

/s/ Brian Howe
Attorney for Petitioner

---

[1] The matter before the Ohio Supreme Court turns on a meaningful and unresolved question of statutory interpretation: specifically, how Ohio law defines "trial transcripts" for purposes of Ohio Rev. Code 2953.21(A)(2). The underlying Fifth District decision appears to have adopted the narrowest reading among Ohio appellate districts, and the matter is ripe for review by the Ohio Supreme Court. Compare, e.g., *State v. Barker*, 1st Dist. Hamilton No. C-140445, 2016-Ohio-8476, 78 N.E.3d 1250, ¶ 12 (holding that transcripts of non-trial proceedings would toll the time under R.C. 2953.21 if those transcripts were objectively necessary for appellate review.)